IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

ALFRED LEE MAULDIN,

    Petitioner,

v.　　　　　　　　　　　　　　　　　　　　Case No. 5:17-cv-02312

D.L. YOUNG, Warden,
FCI Beckley,

    Respondent.

---

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

ALFRED LEE MAULDIN,

    Petitioner,

v.　　　　　　　　　　　　　　　　　　　　Case No. 5:17-cv-02626

D.L. YOUNG, Warden,
FCI Beckley,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Petitioner Alfred Lee Mauldin (hereinafter "Mauldin") is an abusive *pro se* prisoner litigant who, by his own admission, has filed more than 65 petitions for writs of habeas corpus in the courts of the United States.[1]  Pending before this court in the above-

---

1 A search of the court's PACER system reveals 53 civil actions filed in federal district courts around the

reference civil actions are two such petitions, along with numerous motions related thereto. These matters are assigned to the Honorable Irene C. Berger, United States District Judge, and referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY AND DISCUSSION OF PETITIONER'S CLAIMS

### A. Mauldin's conviction and direct appeal.

On November 29, 1995, Mauldin was convicted by a jury in the United States District Court for the Middle District of Tennessee of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); and one count of using a firearm during a drug crime, in violation of 18 U.S.C. § 924(c)(1). On February 20, 1996, Mauldin was sentenced to 322 months in prison, followed by a six-year term of supervised release. According to the Federal Bureau of Prisons' ("BOP") inmate locator, Mauldin is presently incarcerated at FCI Beckley, in Beckley, West Virginia, with a projected release date of May 4, 2019.

On direct appeal, Mauldin unsuccessfully challenged his conviction under 18 U.S.C. §924(c) for "using" a firearm during a drug crime, in light of the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995). He also challenged his sentencing enhancement under the ACCA and the finding that his arrest was made

country, and an additional 34 appellate cases filed in the federal courts of appeals. The undersigned has not taken the time to distinguish which of these cases are habeas corpus matters versus some other type of civil case.

pursuant to a valid stop under *Terry v. Ohio*, 392 U.S. 1 (1968). *United States v. Mauldin*, 109 F.3d 1159 (6th Cir. 1997).

### B.   Mauldin's other post-conviction filings.

Mauldin subsequently filed at least six motions in his court of conviction seeking post-conviction relief under 28 U.S.C. § 2255 and/or 18 U.S.C. § 3582(c), none of which were succcessful. Furthermore, as mentioned above, Mauldin has filed numerous petitions under 28 U.S.C. § 2241, many of which challenged his conviction, rather than the execution of his sentence, and which were dismissed for lack of jurisdiction or as being frivolous. *See Mauldin v. Norris*, No. 0:14-173-HRW, 2015 WL 2354743 (E.D. Ky. May 15, 2015) (describing procedural history of criminal and civil proceedings and listing sample cases).

Also among those other petitions is *Mauldin v. Camp Administrator Boyd et al*, No. 5:17-cv-02104 (S.D. W. Va., Mar. 3, 2017), which was filed in this United States District Court on March 3, 2017 as a "Petition for a Writ of Audita Querela" under the All Writs Act, 28 U.S.C. § 1651. That matter was transferred by United States Magistrate Judge Omar J. Aboulhosn to the United States District Court for the Middle District of Tennesee, Mauldin's court of conviction, because such a petition must be filed in the court of conviction. Thereafter, the Tennessee federal court construed that petition as a request for authorization to file a second or successive section 2255 motion and transferred the matter to the United States Court of Appeals for the Sixth Circuit, which denied such authorization. *See In re Alfred Mauldin*, No. 17-5505 (6th Cir. Oct. 31, 2017). In some of his various motions filed in the instant matters, Mauldin appears to

3

be asking this court to revisit the rulings in that case, which this court lacks jurisdiction to do.

### C.    The instant section 2241 petitions and motions filed by Mauldin.

On April 12, 2017, Mauldin filed the first of two section 2241 petitions that are pending before this court.  *Mauldin v. Young*, No. 5:17-cv-02312, ECF No. 3 (S. D. W. Va., Apr. 12, 2017) (hereinafter "Case 2312").  Then, on May 1, 2017, Mauldin filed a second section 2241 petition herein.  *Mauldin v. Young*, No. 5:17-cv-02626, ECF No. 1 (S.D. W. Va., May 1, 2017) (hereinafter "Case 2626").

<u>Case 2312</u>

In Case 2312, Mauldin appears to be asserting grounds for relief that, once again, challenge the validity of his conviction and sentence, as well as making a challenge to the calculation of his Earned Statutory Good Conduct Time ("ESGCT").  Specifically, in the initial petition, which contains four specified grounds for relief, Mauldin again contends that his arrest was invalid because there was no *Terry* stop or ticket issued on August 4, 1995 and, thus, he claims that his arrest, conviction, and detention are unlawful based upon theories of false arrest and false imprisonment.  Mauldin further appears to assert that his conviction and sentence are unlawful because a prior conviction was not a felony and does not support "triple enhancements."  These claims clearly challenge the validity of Mauldin's conviction and sentence and are not cognizable in a section 2241 proceeding unless they can meet the savings clause discussed below.  Additionally, Mauldin claims that the BOP has conspired to cover up his false arrest and imprisonment by denying all of his petitions since 1996.  Such a claim is also not appropriate for consideration under section 2241.

Subsequent to the filing of the initial petition in Case 2312, Mauldin has filed eight motions requesting that the court expedite review of this matter and conduct a hearing to consider "newly discovered evidence" concerning his alleged "innocence" of his conviction. Mauldin's additional motions also contain allegations and claims concerning his conditions of confinement, and alleged BOP interference and retaliation, which are not cognizable in habeas corpus. By separate Order, the undersigned has denied these various motions, but issued an Order to Show Cause directing the respondent to respond only to Mauldin's claim that his ESGCT has been improperly calculated.

Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Middle District of Tennessee. Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.

28 U.S.C. § 2241, on the other hand, is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

5

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332.

Thus, before considering the petitioner's section 2241 petitions on their merits, this court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241. The United States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334.

It is clear that, to the extent that Mauldin is challenging the validity of his arrest, conviction and sentence in the instant petitions, he is not relying on any new substantive law that has made the conduct of which he was convicted no longer criminal. Moreover, any alleged factual basis for Mauldin's assertions of "actual innocence" and misconduct by the United States of America in the course of his criminal proceedings, was available to him at the time of his direct appeal or should have been raised in a timely first section

2255 motion. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, to the extent that the petition and motions filed in Case 2312 are asserting claims that challenge Mauldin's criminal conviction and sentence imposed by the United States District Court for the Middle District of Tennessee, such claims must be brought, if at all, in a section 2255 motion filed in that court, because Mauldin's claims do not meet the savings clause exception for review by this court under section 2241. Accordingly, those claims should be dismissed for lack of jurisdiction.

However, Mauldin's petition and motions in Case 2312 also contend that the BOP has not properly applied 1161 days of ESGCT to his sentence. Thus, to the extent that Mauldin is also challenging the calculation and application of ESGCT to his sentence, that claim does concern the execution of his sentence and would be cognizable under section 2241. Accordingly, as noted above, the undersigned has issued an Order to Show Cause directing the respondent to respond only to that claim.

### Case 2626

In Mauldin's second case pending in this court, Case 2626, his initial petition claims that he is a "long-time victim" of "multi-district litigation." Mauldin appears to be claiming that every time he files a habeas corpus petition, he is transferred to another prison and his cases are dismissed. He further claims that the government is wasting resources housing prisoners in "out custody" prison camps which "exploit inmate labor" while the courts refuse to address his "valid" claims. The petition requests that the court order Mauldin's immediate release, but also requests a show cause hearing and requests a jury trial with all officials involved in his previous cases being ordered to testify or give a deposition. These claims clearly are not cognizable in a section 2241 habeas corpus

proceeding. Nor is there a right to a jury trial in such a proceeding. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that these claims should be dismissed for lack of jurisdiction.

However, the petition in Case 2626 also contains allegations concerning the alleged improper calculation of Mauldin's ESGCT. Further, because Mauldin put both case numbers on his motions, all of the same motions that were filed in Case 2312 were also filed in Case 2626. To that extent, the undersigned proposes that the presiding District Judge **CONSOLIDATE** Case 2626 with Case 2312, and permit additional proceedings only with respect to Mauldin's claim concerning the calculation of his ESGCT.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **CONSOLIDATE** Case No. 5:17-cv-02626 with Case No. 5:17-cv-02312, with Case No. 5:17-cv-2312 being the lead case, and all further documents being docketed only therein. It is further respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** for lack of jurisdiction all claims other than the petitioner's claim concerning the calculation and application of his ESGCT, and leave this matter referred to the undersigned United States Magistrate Judge for additional proceedings concerning the ESGCT claim.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and

8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Berger.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner.

March 27, 2018

Dwane L. Tinsley
United States Magistrate Judge