# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

ALFRED LEE MAULDIN,

        Petitioner,

v.                         CIVIL ACTION NO. 5:17-cv-02312
                               (Consolidated with Civil Action No. 5:17-cv-02626)

D. L. YOUNG, *Warden, FCI Beckley*,

        Respondent.

## MEMORANDUM OPINION AND ORDER

On April 12, 2017, in Civil Action 5:17-cv-02312, the Petitioner, proceeding *pro se*, filed a *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241* (Document 3 therein). By *Standing Order* (Document 4) entered on April 13, 2017, the action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.

Subsequently, on May 1, 2017, in Civil Action 5:17-cv-02626, the Petitioner, proceeding *pro se*, filed a *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241* (Document 1 therein). By *Standing Order* (Document 3) entered on that date, the action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.

On March 27, 2018, the Magistrate Judge submitted a consolidated *Proposed Findings and Recommendation* (PF&R) (Document 25 in Civil Action 5:17-cv-02312; Document 23 in Civil Action 5:17-cv-02626) wherein it is recommended that this Court: consolidate Civil Action 5:17-cv-02312 and Civil Action 5:17-cv-02626; dismiss for lack of jurisdiction all claims other than the

Petitioner's claim concerning the calculation and application of his Earned Statutory Good Conduct Time (ESGCT); and leave this matter referred to the Magistrate Judge for additional proceedings concerning the ESGCT claim.

Objections to the Magistrate Judge's PF&R were due by April 13, 2018, and none were timely filed by either party. Therefore, the Court entered a *Memorandum Opinion and Order* (Document 30) adopting the PF&R. On May 21, 2018, the Petitioner filed a *Motion Requesting to File Delayed Response from the Memorandum Opinion and Order Dated 04/30/2018; and the Delayed Response from the Proposed Findings and Recommendation Dated 03/27/2018, With Request for Appointment of Counsel/Co-Counsel* (Document 34). On July 16, 2018, the Petitioner filed a *Motion for Administrative Hearing, With Motion for Summary Judgment* (Document 41). In both documents, the Petitioner contends that he did not receive the PF&R or the Court's opinion adopting the PF&R until May 11 and May 15, 2018, seeks to file objections to the PF&R out of time, and sets forth the basis of his objections.

The Court finds it appropriate to address the Petitioner's untimely objections in light of his statement that he did not receive the PF&R promptly. The Court will therefore vacate the opinion adopting the PF&R without objection (Document 30) and consider Documents 34 and 41 as Petitioner's objections to the PF&R. For the reasons stated herein, however, following consideration of the Petitioner's objections, the Court concludes that the PF&R should be adopted and the objections overruled.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Magistrate Judge's PF&R sets forth the factual and procedural background of this case in detail. The Court hereby incorporates those factual findings, but to provide context for the ruling contained herein, provides the following summary.

The Petitioner was convicted of three felony drug and firearm offenses following a jury trial in 1995. He was sentenced to 322 months of imprisonment. After an unsuccessful direct appeal, he filed numerous motions or petitions for post-conviction relief, in both the Middle District of Tennessee, where he was convicted and sentenced, and in other courts.

The Petitioner filed two petitions pursuant to 28 U.S.C. §2241, both asserting challenges to his arrest, conviction, and sentence, as well as an asserted effort by the Bureau of Prisons to conceal the alleged unlawful circumstances surrounding his arrest and conviction. In addition, he challenges the calculation of Earned Statutory Good Conduct Time (ESGCT). The Magistrate Judge recommends consolidating the two cases, and the Court will address them jointly.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

**DISCUSSION**

The Magistrate Judge recommends that the ESGCT claim be re-referred for further proceedings, and the remaining claims be dismissed.[1] He explains that challenges to the validity of a conviction and sentence generally cannot be brought in a § 2241 petition but must instead be brought in a motion pursuant to 28 U.S.C. 2255 filed in the court of conviction. The Magistrate Judge analyzed the case law related to the "savings clause" permitting certain challenges to convictions and sentences under 28 U.S.C. § 2241 and concluded that the Petitioner's claims could be considered only under § 2255, as the Petitioner did not allege a change in settled law impacting his claims. The PF&R further explains that claims regarding conditions of confinement are not cognizable in habeas corpus.

The Petitioner objects, arguing that he "did not petition for a Write of Habeas Corpus under 28 USCS §2241." (Document 34 at 1.) He asserts that this Court has jurisdiction to consider his claims under 28 U.S.C. § 451[2] and Federal Rule of Criminal Procedure 1101.[3] The Petitioner again challenges his arrest, conviction, and sentence and asserts that the BOP and the court system are working to cover up the past misconduct. He alleges that he was falsely arrested and falsely imprisoned, is innocent of the charges for which he was convicted and was convicted based on false testimony and legal errors. The Petitioner also presents argument and evidence in support of his claim that the BOP has miscalculated his good-time credit.

---

[1] The Petitioner made allegations related to the calculation of his ESGCT in both cases. Therefore, the Magistrate Judge recommends consolidating the cases to "permit additional proceedings only with respect to Mauldin's claim concerning the calculation of his ESGCT." (PF&R at 8.)
[2] 28 U.S.C. §451 is a definitions section to Title 28, defining terms related to the federal court system.
[3] The Petitioner may be referring to Fed. R. Evid. 1101, which sets forth the applicability of the Federal Rules of Evidence.

Generally, as the PF&R explains, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. 28 U.S.C. § 2255. However, Section 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under Section 2241 where Section 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; *see also United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008). The fact that relief under Section 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the Fourth Circuit, a Section 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269 (quoting *In re Jones*, 226 F.3d at 333-34). The Fourth Circuit recently found that the savings clause may apply to certain sentencing challenges. It explained:

> we conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

Although the Petitioner asserts that he seeks to bring his habeas claims under other provisions, the citations he provides do not reference alternative legal causes of action. The Court has considered and applied the habeas provisions that most closely align with the Petitioner's complaints. *Castro v. United States*, 540 U.S. 375, 381–82, (2003) ("Federal court sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category," including "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis."). The Petitioner has identified no other legal framework for the Court to apply. In the interests of fully addressing his claims and objections, the Court has considered the applicability of § 2241.

The Petitioner has not alleged any change in substantive law relevant to his case. He alleges various violations and errors that, if true, were legally erroneous at the time of the trial, conviction, and sentencing. Therefore, as the Magistrate Judge reasoned, he cannot satisfy the savings clause to proceed under § 2241, and the Court lacks jurisdiction to consider the claims under § 2255. Any transfer to the Sixth Circuit Court of Appeals for consideration of a motion for leave to file a second or successive § 2255 petition would be futile, given that the Petitioner has not identified factual or legal changes during the time since his previous unsuccessful motions. Accordingly, the Court adopts the Magistrate Judge's PF&R and overrules the Petitioner's objections. The Court further finds that the PF&R appropriately recommended consolidation of cases 5:17-cv-2312 and 5:17-cv-2626, for further consideration of the Petitioners ESGCT claims, and those recommendations will be adopted without objection.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Court's previous *Memorandum Opinion and Order* (Document 30) be **VACATED**, that the Petitioner's *Motion Requesting to File Delayed Response from the Memorandum Opinion and Order Dated 04/30/2018; and the Delayed Response from the Proposed Findings and Recommendation Dated 03/27/2018, With Request for Appointment of Counsel/Co-Counsel* (Document 34) and *Motion for Administrative Hearing, With Motion for Summary Judgment* (Document 41) be **CONSTRUED AS OBJECTIONS** and **OVERRULED**, and that the Magistrate Judge's consolidated *Proposed Findings and Recommendation* (PF&R) (Document 25 in Civil Action 5:17-cv-02312; Document 23 in Civil Action 5:17-cv-02626) be **ADOPTED** and incorporated herein.

The Court **ORDERS** that Civil Action 5:17-cv-02312 and Civil Action 5:17-cv-02626 remain **CONSOLIDATED**, with Civil Action 5:17-cv-02312 being the lead case, and all further documents to be docketed only therein. The Court further **ORDERS** that all claims other than the Petitioner's claim concerning the calculation and application of his ESGCT, be **DISMISSED** for lack of jurisdiction.

Lastly, pursuant to 28 U.S.C. § 636(b)(1)(B), the Court **ORDERS** that the matter be referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, who shall consider the pleadings and evidence therein and submit to this Court proposed findings of fact and recommendation for disposition relating to the Petitioner's ESGCT claim.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Honorable Dwane L. Tinsley, to counsel of record, and to any unrepresented party.

ENTER: January 16, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA