IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

**ALFRED LEE MAULDIN,**

    **Petitioner,**

v.                                     **Case No. 5:17-cv-02312**
                                      **(Consolidated with Case No. 5:17-cv-02626)**

**D.L. YOUNG, Warden,**
**FCI Beckley,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

    These consolidated matters are assigned to the Honorable Irene C. Berger, United States District Judge, and referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending for disposition by the court are the petitioner's section 2241 petitions challenging the calculation of his Earned Statutory Good Conduct Time ("ESGCT") and a Motion to Issue Injunction Against the Warden and Adm/Staff to Stop Withholding Legal Mail (ECF No. 46).

    For the reasons set forth herein, it is respectfully **RECOMMENDED** that the petitioner's Petition for Writ of Habeas Corpus (Case No. 5:17-cv-02312, ECF No. 3; Case No. 5:17-cv-02626, ECF No. 1) be **DENIED** and that his Motion to Issue Injunction Against the Warden and Adm/Staff to Stop Withholding Legal Mail (ECF No. 46) be **DENIED AS MOOT**.

## **RELEVANT PROCEDURAL HISTORY**

In 1995, the petitioner was convicted of three felony drug and firearm offenses in the United States District Court for the Middle District of Tennessee. He was sentenced to serve 322 months in prison, followed by a six-year term of supervised release. After an unsuccessful direct appeal, the petitioner has filed numerous motions and petitions for post-conviction relief, both in his court of conviction, and in other courts in the jurisdictions where he has been incarcerated. The petitioner's filings in these various courts appear to have run the gamut of claims challenging his convictions and the imposition of his sentence, his conditions of confinement, tort claims and retaliation claims against Federal Bureau of Prisons ("BOP") officials, Freedom of Information Act and Privacy Act claims, and claims concerning the calculation of his ESGCT.

At the time he filed the instant petitions, the petitioner was incarcerated at FCI Beckley in Beckley, West Virginia, with a projected release date of May 4, 2019. As noted in the Memorandum Opinion and Order entered herein by Judge Berger on January 16, 2019, in addition to his challenge to his ESGCT, the petitioner's instant petitions, which were filed pursuant to 28 U.S.C. § 2241, also asserted "challenges to his arrest, conviction, and sentence, as well as an asserted effort by the [BOP] to conceal the alleged unlawful circumstances surrounding his arrest and conviction." (ECF No. 54 at 3). Additional motions, and attachments thereto, appear to seek tort or other relief concerning the petitioner's conditions of confinement and treatment by BOP officials. However, such claims, even liberally construed, are insufficiently pled and fail to state a claim upon which relief can be granted herein.

Judge Berger's January 16, 2019 Memorandum Opinion and Order found that all of the petitioner's claims concerning the validity of his arrest, conviction, and sentence, his claims of a coverup or other misconduct by BOP officials, and his claims concerning his conditions of confinement are not proper for review in this court under section 2241. Accordingly, the presiding District Judge has dismissed for lack of jurisdiction all claims other than the petitioner's claim concerning the calculation and application of his ESGCT.

Therefore, this Proposed Findings and Recommendation will address only the claim concerning the calculation and application of the petitioner's ESGCT, which appears to have been correctly calculated. Additionally, as addressed further *infra*, based upon the petitioner's release from custody at FCI Beckley to a Residential Reentry Center in Nashville, Tennessee, his Motion to Issue Injunction Against the Warden and Adm/Staff to Stop Withholding Legal Mail (ECF No. 46) should be denied as moot.

## ANALYSIS

### A. The petitioner's claim concerning his ESGCT.

Both of the petitioner's section 2241 petitions, which are not a model of clarity, assert that the BOP had inaccurately calculated and applied his ESGCT. He specifically contends that the BOP improperly withheld ESGCT and that he has overserved the imprisonment portion of his sentence. On April 18, 2018, as ordered by the undersigned, the respondent filed a Response concerning the application of the petitioner's ECGCT. The Response sets forth the following procedural history derived from the petitioner's Presentence Investigation Report and documents from his criminal proceedings:

3

On September 20, 1995, the petitioner was indicted in the United States District Court for the Middle District of Tennessee, Case No. 1:95-cr-00006, on one count of Felon in Possession of a Firearm, one count of Possession with Intent to Distribute Cocaine, and one count of Use of a Firearm During a Drug Trafficking Crime. (ECF No. 29 at 1-2 and Ex. 1, Attach. A). These offenses were committed on August 4, 1995. (*Id.*)

On September 28, 1995, the petitioner was arrested in Maury County, Tennessee, for Sale of Cocaine Over 5 Grams, Case Nos. 9110 and 9112, Facilitation of Sale of Cocaine, Case Nos. 9111 and 9114, and Delivery of Over 26 Grams of Cocaine, Case No. 9113. (*Id.* at 2 and Ex. 1). On September 29, 1995, a federal arrest warrant was executed concerning the September 20, 1995 indictment and the petitioner was taken into the custody of the United States Marshals Service ("USMS"). (*Id.* at 2 and Ex. 1, Attach. B, USMS Prisoner Tracking Form).

On February 20, 1996, following his conviction by a jury on the federal charges, the petitioner was sentenced in the United States District Court for the Middle District of Tennessee to an aggregate term of 322 months in prison. (*Id.* at 2 and Ex. 1, Attach. C, Judgment in a Criminal Case). On March 21, 1997, all of the charges in Maury County, Tennessee were dismissed. (*Id.* at 2 and Ex. 1, Attach. D, Tennessee Case Status Order).

The BOP commenced the petitioner's 322-month sentence on February 20, 1996, the date that it was imposed. (*Id.* at 2 and Ex. 1, Attach. E, Public Information Inmate Data). Because such time was not credited against any other sentence, the petitioner was granted 145 days of Prior Custody Credit for the time period he spent in custody from September 28, 1995, the date of his arrest by state authorities, through February 19, 1996,

the day before his federal sentence was imposed and began to run. (*Id.* at 2-3 and Ex. 1, Attach. D and E).

Pursuant to 18 U.S.C. § 3624(b), a federal inmate earns 54 days of Good Conduct Time ("GCT") for each year served and that time is prorated for the portion of a sentence that is less than a full year. Section 3624(b) specifically provides, in pertinent part, as follows:

> [A] prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b). As noted in the respondent's Response, to calculate that time:

> the BOP first establishes the Date Computation Begins ("DCB"). Once the DCB has been determined, the Term in Effect ("TIE") is added to arrive at a Raw Full Term Date ("RFT"). Prior Custody Credit ("PCC") is then deducted, creating an Effective Full Term Date ("EFT"). The final calculation is the amount of GCT an inmate is eligible for based on the amount of time he will actually serve and not the total length of the sentence imposed. The BOP then determines the Statutory Release Date ("SRD"), which assumes the inmate will receive all the GCT he is eligible to accrue. Any disallowances to GCT are then deducted as they occur. There are never changes to the DCB, TIE, or the PCC.

(ECF No. 29 at 3 and Ex. 1).

According to the Response documents, the petitioner was initially projected to earn 1,242 days of GCT, which would have resulted in a projected SRD of February 11, 2019. (*Id.* at 3 and Ex. 1, Attach. F, Independent Sentence Computation, Initial). However, on June 14, 2001, the petitioner was found guilty of Disruptive Conduct – High by a Disciplinary Hearing Officer ("DHO") and he was disallowed 27 days of GCT, which changed his projected satisfaction date to March 7, 2019. (*Id.* at 3 and Ex. 1, Attach. G,

Inmate Discipline Data; Attach. H, Sentence Monitoring Good Time Data; and Attach. I, Independent Sentence Computation for 27-day disallowance).

On April 26, 2012, a DHO found the petitioner guilty of Possessing an Unauthorized Item and he was disallowed another 13 days of GCT, which changed his satisfaction date to March 18, 2019, based upon an aggregate disallowance of 40 days of GCT. (*Id.* at 3-4 and Ex. I, Attach. J, Independent Sentence Computation for 13-day disallowance). Then, on November 20, 2012, a DHO found the petitioner guilty of Mail Abuse and Stealing, and he was disallowed a total of 67 days of GCT (40 days and 27 days, respectively, for the charges). However, the petitioner had only a total of 54 days of GCT eligible for disallowance and that sanction was, therefore, reduced to 54 days. (*Id.* at 4 and Ex. 1, Attach. I). That disallowance changed the petitioner's projected satisfaction date to May 4, 2019, based on an aggregate disallowance of 94 days of GCT (27+13+54). (*Id.* at 4 and Ex. 1, Attach. K, Independent Sentence Computation for 54-day disallowance).

Based upon the disallowance of 94 days of GCT from the original 1,242 days that the petitioner could have earned, his projected release date is May 4, 2019. The respondent contends that this calculation is correct under 18 U.S.C. § 3624(b) and, therefore, the petitioner is not entitled to any relief under section 2241. The petitioner has been released from imprisonment to a Residential Reentry Center ("RRC") in Nashville, Tennessee.

  B.  **The petitioner's Motion for Injunctive Relief.**

On August 6, 2018, the petitioner filed a Motion to Issue an Injunction Against the Warden and Adm/Staff to Stop Withholding Legal Mail (ECF No. 46), in which he

requested that this court enjoin the Warden and staff at FCI Beckley from withholding his legal mail. However, at some point thereafter, the petitioner was released from custody at FCI Beckley and is presently being housed at a Residential Reentry Center in Nashville, Tennessee, over which this court has no jurisdiction.

The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

As noted in *Taylor*, well-established Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." 2011 WL 6024499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.") The undersigned proposes that the presiding District Judge **FIND** that, in light of his release from FCI Beckley to an RRC in Tennessee, the petitioner's Motion to Issue an Injunction Against the Warden and Adm/Staff to Stop Withholding Legal Mail (ECF No. 46) is now moot.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's Petitions for a Writ of Habeas Corpus (Case No. 5:17-cv-02312, ECF No. 3; Case No. 5:17-cv-02626, ECF No. 1), **DENY AS MOOT** the petitioner's Motion to Issue an Injunction Against the Warden and Adm/Staff to Stop Withholding Legal Mail (ECF No. 46), and **DISMISS** these consolidated civil actions from the docket of the court.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.   *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be served on Judge Berger.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner.

January 18, 2019

Dwane L. Tinsley
United States Magistrate Judge